UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:24-cv-165-LLK

KATHY J.[1]                                                                                              PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                     DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the

Final Decision of the Commissioner denying her claims for Disability Income Benefits (DIB)

under Title II of the Social Security Act. [DN 1]. Plaintiff's Fact and Law Summary and Brief are

at DNs 13 and 14, the Commissioner's responsive Fact and Law Summary is at DN 18, and

Plaintiff's Reply is at DN 19.[2] The parties have consented to the jurisdiction of the undersigned

United States Magistrate Judge to determine this case, with any subsequent appeal to be filed

directly to the United States Court of Appeals for the Sixth Circuit. [DN 16]. The matter is now

ripe for determination.

After examining the administrative record, the ALJ's Decision, the arguments of the parties,

and the applicable authorities, the Court is of the opinion that the Administrative Law Judge's

(ALJ's) Decision is supported by substantial evidence and comports with applicable law.

BACKGROUND

**Administrative History**. Plaintiff filed a Title II application for disability insurance

benefits (DIB) on August 17, 2021, alleging disability which began on June 1, 2016, as a result of

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter is shortened to first name and last initial.
[2] References to specific pages in the Court's Docket in this Memorandum Opinion will include the Docket Number
and page number found in the red inked header at the top of the document.

osteoarthritis, fibromyalgia, depression, anxiety, degenerative joint disease, cervical spondylosis, a history of breast cancer in remission, chemo to the brain, sleep apnea, agranulocytosis, and neuropathy. [DN 9] at 60. She was 53 years old at the date of alleged disability. [DN 9] at 60. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ which was granted. The hearing was conducted via online video hearing on January 19, 2023, with attorney Nathan Craig attending on Plaintiff's behalf. [DN 9] at 78. The hearing was conducted by ALJ Stacey Foster of the Office of Hearings Operations in Paducah, KY. [DN 9] at 35. Also attending and testifying during the hearing was impartial vocational expert Rochelle Evans, Ph.D. On June 20, 2023, the ALJ issued an unfavorable Decision finding that Plaintiff was not disabled. Decision, [DN 9] at 78-87.

Plaintiff timely requested review of the ALJ's Decision by the Appeals Council. On June 27, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's Decision. [DN 9] at 20. At that point, the ALJ's Decision became the final decision of the Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a). Thus, this Court will be reviewing the ALJ's Decision and the evidence that was contained within the administrative record at the time the ALJ rendered the Decision. 42 U.S.C. § 405(g).

**The ALJ's Decision**. The ALJ's Decision denying Plaintiff's claims for DIB benefits was based upon the five-step sequential evaluation process which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2020, and that she did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2016 through her date last insured of March 31, 2020 (20 CFR 404.1571 *et seq.*).

At Step Two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spines, fibromyalgia, generalized osteoarthritis, degenerative joint disease of the bilateral hips, and obesity (20 CFR 404.1520(c)).

At Step Three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

As in any case that proceeds beyond Step Three, the ALJ must determine a claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 404.1546(c). In making an RFC determination, the ALJ considers the record in its entirety including medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). The ALJ found that, through the date last insured, the Plaintiff retained the ability to perform a range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she could not climb ladders, ropes, or scaffolds. She could occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. She would have had to avoid concentrated exposure to vibration and hazards.

Decision, [DN 9] at 83.

At Step Four the ALJ found through the date last insured, Plaintiff was capable of performing past relevant work as an office manager. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the

Social Security Act, at any time form June 1, 2016, the alleged onset date, through March 31, 2020, the date last insured (20 CFR 404.2520(f)).

DISCUSSION

The Social Security Act authorizes payments of disability insurance benefits to individuals with disabilities. 42 U.S.C. §§ 401-434. Disability means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.
2. If claimant is not doing substantial gainful activity, his impairment must be severe before  he can be found to be disabled.
3. If claimant is not doing substantial gainful activity and is suffering from a severe  impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
5. Even if claimant's impairment does not prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity (RFC) and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec*., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity (RFC) is assessed between Steps Three and Four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. § 404.1520(a)(4); 404.1520(e). RFC is the most a claimant can do despite his limitations. *Id*. The claimant bears the burden of proof in Steps One through Four. *Walters*, 127 F.3d 529. At the Fifth Step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

**Standard of Review**. The Court's task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F.App'x 516, 522 (6th Cir. 2008). The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  In reviewing the record as a whole, the Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 296 (6th Cir. 1994).

The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the decision. *Id*. If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id*. The Court may look to any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of

whether it has actually been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir 2001). "The Court must affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by the evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

**Plaintiff's Argument/Commissioner's Counter-Argument**. In her Brief and Fact and Law Summary, Plaintiff argues that the Commissioner erred as a matter of law by failing to consider non-severe mental impairments in the RFC assessment. [DN 14] at 7. Specifically, she notes that while the ALJ found at Step 2 that Plaintiff's depressive disorder was a non-severe medically determinable impairment, the ALJ also found that she had mild limitations in the four broad areas of mental functioning or paragraph B criteria. Related to this argument, Plaintiff questions whether the ALJ's analysis at Step Two can even be considered a detailed analysis, given its brevity. She posits that it was error for the ALJ at later steps to neither discuss the mental impairment nor include it in any limitations contained in the RFC. [DN 14] at 12.

The Commissioner disagrees, arguing that the ALJ identified substantial evidence supporting her findings throughout the sequential evaluation process and in concluding that Plaintiff was not disabled. [DN 18] at 1-2. The Commissioner notes that it is Plaintiff who bears the burden of proving that she is disabled and of providing the medical evidence to support that claim. 20 C.F.R. § 1512(a). [DN 18] at 4. The Commissioner avers that the ALJ appropriately considered the evidence and reasonably assessed an RFC that accounted for Plaintiff's impairments in determining that she did not require mental restrictions. [DN 18] at 4-5. Instead, the

Commissioner notes that this Court has recognized that "[s]evere or non-severe, an ALJ need only include limitations arising from an impairment where the impairment affects a claimant's capacity to work." *Diane B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-404-CHL, 2024 WL 4282322, *4 (W.D. Ky. Sept. 24, 2024).

An ALJ is required to consider both severe and nonsevere impairments in assessing a claimant's RFC. 20 C.F.R. § 404.1545(a)(2). An ALJ's RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ bases her determination on all relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1)-(4). In making her determination of a claimant's RFC, an ALJ must necessarily evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. § 404.1520c.

At Step Two, the ALJ noted that the claimant was assessed with major depressive disorder in December of 2019. However, over the course of her treatment, "her providers generally noted that the claimant has good judgment, a normal mood and affect, alert, normal, and active behavior, and intact memory." [DN 9] at 82 (citing Ex. 1F/3; 3F/20; 3F/73; 4F/5, 10, 20; 6F/7; 8F/7; 9F/4; 10F/17). In concluding that Plaintiff's major depressive disorder was non-severe, the ALJ noted that it did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities. [DN 9] at 82. The ALJ then discussed the opinion evidence of record, noting that she considered the opinions of the state agency psychological consultants Mary Thomson, Ph.D. and Stephen Perry, Ed.D. However, noting that both consultants reported that there was insufficient evidence to evaluate the claimant's mental limitations, the ALJ considered them to have no probative or persuasive value. *Id*. The ALJ then determined that the medical evidence, opinion evidence, and other evidence of record supports a finding that the Plaintiff has mild limitations in

each of the four paragraph B categories: understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. *Id*. The ALJ concluded her five-paragraph analysis of Plaintiff's major depressive disorder and related limitations as follows:

> Because the claimant's medically determinable mental impairment caused no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it was non-severe (20 CFR 404.1520a(d)(1)).
>
> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

Decision, [DN 9] at 82.

Plaintiff argues that it was reversible error for the ALJ to omit any further analysis of her mental health condition at Steps 3, 4 and 5. [DN 14] at 12. In support of this argument, Plaintiff cites to *Fred W. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2023, 2023 WL 4925301, at * 6 (S.D. Ohio August 2, 2023), *report and recommendation adopted*, No. 2:22-CV-2026, 2023 WL 6319281, at *1 (S.D. Ohio Sept. 27, 2023); *Taiwan D. v. Comm'r of Soc. Sec.*, No. 2:21-CV-990, 2022 WL 1314434, at *5-7 (S.D. Ohio May 3, 2022), *report and recommendation adopted*, No. 2:21-CV-00990, 2022 WL 1630763, at *1 (S.D. Ohio May 23, 2022). She indicates that these cases indicate that "the ALJ's detailed analysis at step two does not relieve [her] of her duty to provide an explanation as to the holistic impact of all impairments, both severe and non-severe, specifically in relation to Plaintiff's RFC." *May v. Comm'r of Soc. Sec.*, No. 2:19-CV-4479, 2020 WL 2059719, at *5 (S.D. Ohio Apr. 29, 2020), report and recommendation adopted, No. 2:19-CV-4479, 2020 WL 2494486 (S.D. Ohio May 14, 2020)).

The Commissioner notes that the regulations require an ALJ to consider the possible effect of a non-severe impairment on the claimant's capacity to work, "there is no accompanying requirement that the RFC must include restrictions reflecting a non-severe condition in the RFC." *Plotkowski v. Comm'r of Soc. Sec.*, No. 2:20-CV-12011, 2022 WL 413371, at *6 (E.D. Mich. Jan. 18, 2022), adopted *sub nom*. *Plotkowski v. Saul*, 2022 WL 407079 (E.D. Mich. Feb. 9, 2022). [DN 18] at 6. Instead, the Commissioner argues for application of the Sixth Circuit's approach in *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851-52 (6th Cir. 2020). In *Emard*, the Sixth Circuit found that an ALJ had properly complied with her obligation to consider the limiting effects of all of a claimant's impairments, including any nonsevere ones, in determining a claimant's RFC. *Id.*; 20 C.F.R. § 404.1545(e). As Judge Linsday in this district has explained, in Emard, "[t]he Sixth Circuit noted that "[a]lthough the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and 'all symptoms' at this step in the process" and had "specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to 'consider all of the claimant's impairments, including impairments that are not severe.' " *Emard*, 953 F.3d at 851-52. Thus, the Sixth Circuit found no error, relying on the *Emard* ALJ's references to SSR 96-8p and discussion of Emard's nonsevere impairments at step two. *Id.* at 852. *Diane B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00404-CHL, 2024 WL 4282322, at *4 (W.D. Ky. Sept. 24, 2024).

Consistent with the Sixth Circuit's holdings in *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851-52 (6th Cir. 2020), reviewing courts look to three things in determining whether an ALJ properly considered all of a claimant's impairments in determining a claimant's RFC: 1) an "express reference to SSR 96-8p"; 2) a "discussion of the functional limitations imposed by [a

claimant's] nonsevere impairments at step two of [the ALJ's analysis"; and 3) a "subsequent assurance that [the ALJ] had considered the entire record and all symptoms." *Emard*, 953 F.3d at 851-52. "Of course, it is not enough for the ALJ to have simply 'considered' the effects of [a claimant]'s nonsevere impairments; the ALJ must have articulated her rationale well enough for this Court to understand why she found that Plaintiff's nonsevere, mental impairments did not impact her functional abilities." *Lennon v. Comm'r of Soc. Sec.*, No. 221CV12942TGBPTM, 2022 WL 19518452, at *13 (E.D. Mich. Nov. 8, 2022), *report and recommendation rejected in part on other grounds*, No. 221CV12942TGBPTM, 2023 WL 2733382, at *1f (E.D. Mich. Mar. 31, 2023); "[s]evere or non-severe, an ALJ need only include limitations arising from an impairment where the impairment affects a claimant's capacity to work." *Miller v. O'Malley*, No. 5:23-CV-209-HAI, 2024 WL 315685, at *7 (E.D. Ky. Jan. 26, 2024) (quoting *Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *6 (S.D. Ohio Aug. 21, 2017), *report and recommendation adopted*, No. 2:16-CV-818, 2017 WL 4222983 (S.D. Ohio Sept. 21, 2017)).

Applying the *Emard* precedent to the facts of this case, the Court concludes that the ALJ's discussion of Plaintiff's mental impairments is sufficient to comply with 20 C.F.R. § 404.1545(e) and the ALJ's duty to consider all of the Plaintiff's impairments in formulating her RFC. Specifically, here, as in *Emard*, the ALJ noted that she was obligated "to consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e) and 404.1545; SSR 96-8p)." Decision, [DN 9] at 79-80. In the ALJ's Step Two findings, she notes that Plaintiff was assessed in December 2019 with major depressive disorder, had mild limitations in each of the four paragraph B criteria, but that medical evidence over the course of her treatment indicated that she had good judgment, a normal mood and affect, alert, normal, and active behavior, and intact memory. [DN 9] at 82. Accordingly, the ALJ found Plaintiff's major depressive disorder

10

did not cause more than minimal limitations in the claimant's ability to perform basic mental work activities and was therefore non-severe. *Id*. The ALJ met the third *Emard* prong by indicating that she had conducted an analysis of the "medical evidence, opinion evidence, and other evidence of record," made "careful consideration of the entire record," and "considered all symptoms" in arriving at Plaintiff's RFC. [DN 9] at 83. This is not a case like the ones proffered by Plaintiff where the ALJ made no analysis whatsoever as to her nonsevere limitations. The ALJ's discussion includes evidence that Plaintiff's treatment for major depression was limited and that her providers saw good results during the course of her treatment; these findings constitute substantial evidence for the ALJ not to include any limitations related to Plaintiff's mental impairment in the RFC.

Plaintiff's brief cites to her hearing testimony that she had been prescribed medication since 2011 for anxiety and depression, and that she continued mental health treatment following her date last insured of March 31, 2020. She acknowledges that these facts are outside the closed time period of June 1, 2016, to March 31, 2020. The medical evidence Plaintiff cites is simply insufficient to establish that she had vocationally significant, mental functional limitations during the insured status period that would undermine the ALJ's RFC findings. The Sixth Circuit has held that sometimes even those impairments that are deemed "severe" at Step Two do not always have to be included in the RFC. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007). Given the timing of Plaintiff's claim, Plaintiff faced a difficult task of acquiring probative evidence that would meet the burden of showing her mental impairment resulted in vocationally significant limitations not contemplated by the ALJ's RFC findings. Finally, the Court is unpersuaded by Plaintiff's speculative argument that the ALJ erred in failing to consider how Plaintiff's mental functional limitations *could* possibly affect her ability to perform her past relevant work given the level of skill required.

Most disability claims have medical and other evidence that could support findings either way. "However, as long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

ORDER

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's Decision is supported by substantial evidence, the Commissioner's final Decision is hereby AFFIRMED, and Plaintiff's Complaint is DISMISSED. A final judgment will be entered separately.

March 31, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

12